# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>YBA NINETEEN, LLC,<br><br>       Debtor.<br>_____<br><br>YBA NINETEEN, LLC,<br><br>       Appellant,<br><br>v.<br><br>INDYMAC VENTURE, LLC,<br><br>       Appellee.<br>_____ | Civil No. 13cv2426-WQH-RBB<br><br>Bankruptcy No. 13-00968-LA11<br>[Bankruptcy Appeal #3]<br><br><br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Ex Parte Motion for Stay Pending Appeal, filed by Appellant YBA Nineteen, LLC ("YBA" or "Debtor").  (ECF No. 4).

## I.     Background

On October 8, 2013, YBA, the debtor in the underlying bankruptcy case, filed a Notice of Appeal of an "Order Converting Case to One Under Chapter 7" ("Order Converting Case"), issued by the Bankruptcy Court on October 4, 2013.  (ECF No. 1).  The Order Converting Case converted the underlying bankruptcy proceeding from one under Chapter 11 to one under Chapter 7.  The Bankruptcy Court ordered that "[p]ursuant to 11

U.S.C. § 1112(b)(4), this case be converted to one under Chapter 7 for 'cause' including: (1) Debtor's continuing failure to comply with the Scheduling Order; (2) Debtor's failure to timely file [Monthly Operating Reports]; and (3) the substantial and continuing loss to or diminution of the estate and the absence of reasonable likelihood of rehabilitation." *Id*. at 8 (citing 11 U.S.C. §§ 1112(b)(4)(A), (E) & (F)).

On October 8, 2013, YBA filed an election to have the appeal heard by this Court. *Id*. This is the third appeal to this Court in this bankruptcy proceeding. *See In re YBA Nineteen*, S.D. Cal. Case No. 13cv1326-WQH-RBB; *In re YBA Nineteen*, S.D. Cal. Case No. 13cv2239-WQH-RBB.[1]

On October 15, 2013, YBA filed the Ex Parte Motion for Stay Pending Appeal. (ECF No. 4). YBA moves pursuant to Federal Rule of Bankruptcy Procedure 8005 for an order staying the Bankruptcy Court's Order Converting Case. YBA states:

> The Debtor respectfully requests that Court issue a stay of the Conversion Order's effect pending a hearing on the appeal. The Debtor believes there is a likelihood of success on appeal as, at the very least, the Bankruptcy Court has denied the Debtor due process and has abused its discretion in granting a conversion where 'cause' does not exist and that the inevitable harm to the Debtor would be irreparable and significant due to the unique nature of all real property and particularly the Subject Property, that the harm to the Movant is relatively insignificant and that the public interest for accurate determinations all support the imposition of this stay.

*Id*. at 31.

On October 15, 2013, Appellee IndyMac Venture, LLC ("IndyMac") filed an opposition to the Ex Parte Motion for Stay Pending Appeal. (ECF No. 5). IndyMac states:

> In the short term, this appeal only changes case management by appointing a chapter 7 trustee having independent fiduciary duties over property of the estate. Based on the procedural history of the YBA chapter 11 case, the bankruptcy estate is crying out for professional case management. Thus, even if the lack of merit in YBA's appeal is ignored, YBA's claim of immediate and irreparable harm cannot be established in this appeal.

---

[1] In the second appeal, the Court issued a stay preventing Appellee IndyMac Venture, LLC ("IndyMac") from taking any further action as to the real property at issue in the appeals. (S.D. Cal. Case No. 13cv2239, ECF No. 6). On October 15, 2013, the Court set a briefing schedule in the second appeal for YBA, IndyMac and the Chapter 7 Trustee to each state its position as to which parties have standing in the second appeal and how the Court should proceed in light of the conversion of the underlying bankruptcy from Chapter 11 to Chapter 7. (S.D. Cal. Case No. 13cv2239, ECF No. 18).

1  *Id*. at 2.

2  **II.  Discussion**

3      Federal Rule of Bankruptcy Procedure 8005 provides that a district court may order

4  a stay of a judgment, order or decree of a bankruptcy court pending appeal.  *See* Fed. R.

5  Bankr. P. 8005.  "When deciding whether to issue a discretionary stay pending a bankruptcy

6  appeal, courts use the following four factors: (1) Movant's likelihood of success on the

7  merits of the appeal; (2) significant and/or irreparable harm that will come to Movant absent

8  a stay; (3) harm to the adverse party if a stay is granted; and (4) where the public interest

9  lies."  *In re North Plaza, LLC*, 395 B.R. 113, 119 (S.D. Cal. 2008) (citing *Hilton v.*

10  *Braunskill*, 481 U.S. 770, 776 (1987)); *see also id*. at 119-20 (noting that "these factors were

11  imported from the standard for deciding preliminary injunctions or staying them pending

12  appeal").  "[T]he person or entity seeking injunctive relief must demonstrate that irreparable

13  injury is *likely* in the absence of an injunction.  An injunction will not issue if the person or

14  entity seeking injunctive relief shows a mere possibility of some remote future injury, or a

15  conjectural or hypothetical injury."  *Park Vill. Apartment Tenants Ass'n v. Mortimer*

16  *Howard Trust*, 636 F.3d 1150, 1160 (9th Cir. 2011) (quotations omitted).

17      The Court has stayed IndyMac from foreclosing on the real property at issue.  (S.D.

18  Cal. Case No. 13cv2239, ECF No. 6).  YBA states that "the Trustee has not yet made a

19  decision on whether to seek time from the Bankruptcy Court to list the Subject Property for

20  sale."  (ECF No. 4 at 29).  This Court has not ruled on the issue of whether YBA has been

21  deprived of standing in the second appeal as a result of the Order Converting Case.  The

22  Court finds that YBA has failed to demonstrate that irreparable injury is likely in the

23  absence of a stay of the Order Converting Case.  Because YBA has failed to meet its burden

24  of demonstrating  that irreparable injury is likely in the absence of a stay, the Court "need

25  not decide whether [YBA] is likely to succeed on the merits."  *Oakland Tribune, Inc. v.*

26  *Chronicle Publ'g Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985) ("Under any formulation of the

27  test, [the movant] must demonstrate that there exists a significant threat of irreparable injury.

28  Because the [movant] has not made that minimum showing we need not decide whether it

is likely to succeed on the merits.") (citations omitted).  The Ex Parte Motion for Stay Pending Appeal is denied without prejudice.

**III.    Conclusion**

IT IS HEREBY ORDERED that the Ex Parte Motion for Stay Pending Appeal is DENIED.  (ECF No. 4).

IT IS FURTHER ORDERED that YBA shall serve a copy of this Order on the Chapter 7 Trustee no later than **October 23, 2013**.  No later than **November 1, 2013**, IndyMac, YBA and the Chapter 7 Trustee shall each file a brief indicating its position as to how the Court should proceed in light of the pending appeal in Case No. 13cv2239.  No later than **November 8, 2013**, IndyMac, YBA and/or the Chapter 7 Trustee may file a responsive brief.

DATED:  October 17, 2013

**WILLIAM Q. HAYES**
United States District Judge