UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

In Re:

YBA NINETEEN, LLC,

    Debtor.

---

YBA NINETEEN, LLC,

    Appellant,

v.

INDYMAC VENTURE, LLC,

    Appellee.

Civil No. 13cv2426-WQH-RBB

Bankruptcy No. 13-00968-LA11
[Bankruptcy Appeal #3]

**ORDER**

HAYES, Judge:

    The matter before the Court is the Renewed Ex Parte Motion for Stay Pending Appeal, filed by Appellant YBA Nineteen, LLC ("YBA" or "Debtor"). (ECF No. 11).

**I.    Background**

    On October 8, 2013, YBA, the debtor in the underlying bankruptcy case, filed a Notice of Appeal of an "Order Converting Case to One Under Chapter 7" ("Order Converting Case"), issued by the Bankruptcy Court on October 4, 2013. (ECF No. 1). The Order Converting Case converted the underlying bankruptcy proceeding from one under Chapter 11 to one under Chapter 7. The Bankruptcy Court ordered that "[p]ursuant to 11 U.S.C. §

1112(b)(4), this case be converted to one under Chapter 7 for 'cause' including: (1) Debtor's continuing failure to comply with the Scheduling Order; (2) Debtor's failure to timely file [Monthly Operating Reports]; and (3) the substantial and continuing loss to or diminution of the estate and the absence of reasonable likelihood of rehabilitation." *Id*. at 8 (citing 11 U.S.C. §§ 1112(b)(4)(A), (E) & (F)).

On October 8, 2013, YBA filed an election to have the appeal heard by this Court. *Id*. This is the third appeal to this Court in this bankruptcy proceeding. *See In re YBA Nineteen*, S.D. Cal. Case No. 13cv1326-WQH-RBB; *In re YBA Nineteen*, S.D. Cal. Case No. 13cv2239-WQH-RBB.[1]

On October 15, 2013, YBA filed an Ex Parte Motion for Stay Pending Appeal. (ECF No. 4). YBA moved pursuant to Federal Rule of Bankruptcy Procedure 8005 for an order staying the Bankruptcy Court's Order Converting Case.

On October 17, 2013, the Court issued an Order denying the Ex Parte Motion for Stay Pending Appeal. (ECF No. 7). The Court found that YBA had failed to demonstrate that irreparable injury was likely in the absence of a stay of the Order Converting Case.

On October 30, 2013, YBA filed the Renewed Ex Parte Motion for Stay Pending Appeal. (ECF No. 11). YBA states:

> [T]he Debtor requests that the District Court consider the application based on the developments since its Order was issued on October 17, 2013. These developments include: 1. Debtor's concession that absent a stay pending appeal it has lost control over the initial relief from stay appeal and Indymac Adversary Action, as defined below, 2. Absent a stay pending appeal the Debtor has been, in essence, evicted from the Property of the estate; 3. Absent a stay pending appeal the Trustee will incur substantial legal costs and contracting costs that would be avoided if the order converting the case is overturned.

*Id*. at 4.

On October 31, 2013, Appellee IndyMac Venture, LLC ("IndyMac") filed an opposition to the Renewed Ex Parte Motion for Stay Pending Appeal. (ECF No. 12).

---

[1] In the second appeal, the Court issued a stay preventing Appellee IndyMac Venture, LLC from taking any further action as to the real property at issue. (S.D. Cal. Case No. 13cv2239, ECF No. 6).

1  IndyMac contends that the motion should be denied for failure to show a likelihood of
2  irreparable injury, or alternatively, the Court should set a briefing schedule to allow IndyMac
3  to provide evidence to rebut the evidence offered in YBA's motion.
4      On November 1, 2013, YBA filed a reply brief. (ECF No. 13).
5  **II.    Discussion**
6      Federal Rule of Bankruptcy Procedure 8005 provides that a district court may order
7  a stay of a judgment, order or decree of a bankruptcy court pending appeal. *See* Fed. R.
8  Bankr. P. 8005. "When deciding whether to issue a discretionary stay pending a bankruptcy
9  appeal, courts use the following four factors: (1) Movant's likelihood of success on the
10 merits of the appeal; (2) significant and/or irreparable harm that will come to Movant absent
11 a stay; (3) harm to the adverse party if a stay is granted; and (4) where the public interest
12 lies." *In re North Plaza, LLC*, 395 B.R. 113, 119 (S.D. Cal. 2008) (citing *Hilton v.
13 Braunskill*, 481 U.S. 770, 776 (1987)); *see also id*. at 119-20 (noting that "these factors were
14 imported from the standard for deciding preliminary injunctions or staying them pending
15 appeal"). "[T]he person or entity seeking injunctive relief must demonstrate that irreparable
16 injury is *likely* in the absence of an injunction. An injunction will not issue if the person or
17 entity seeking injunctive relief shows a mere possibility of some remote future injury, or a
18 conjectural or hypothetical injury." *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard
19 Trust*, 636 F.3d 1150, 1160 (9th Cir. 2011) (quotations omitted).
20     The Court has reviewed the evidence attached to the Renewed Ex Parte Motion for
21 Stay Pending Appeal, as well as the other filings in this appeal and the related appeals. The
22 Trustee's actions toward the real property at issue, including hiring a contractor and security
23 guards, appear to be designed to improve or protect the property. Although YBA contends
24 that the Trustee's actions will unnecessarily increase the costs to the estate, the Court does
25 not find that the Trustee's alleged actions are unreasonable under the facts of this case.
26 There is no evidence that the Trustee is attempting to finalize a sale of the property prior to
27 the resolution of this appeal. The Court does not find that the dismissal of adversarial action
28 against IndyMac supports a finding of irreparable injury because the dismissal was without

prejudice and YBA has identified no statute of limitation issues which might prevent the refiling of the adversarial action. The Court finds that YBA has failed to demonstrate that the Trustee has taken actions that have caused or likely will cause YBA or the estate irreparable injury. Because YBA has failed to meet its burden of demonstrating that irreparable injury is likely in the absence of a stay, the Court "need not decide whether [YBA] is likely to succeed on the merits." *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985). The Renewed Ex Parte Motion for Stay Pending Appeal is denied.

**III.   Conclusion**

IT IS HEREBY ORDERED that the Renewed Ex Parte Motion for Stay Pending Appeal is DENIED. (ECF No. 11).

IT IS FURTHER ORDERED that the Court will hear oral argument on this appeal from the bankruptcy court on **January 31, 2014 at 10:00 a.m. in Courtroom 14B**. The Court orders the following appeal and briefing schedule: YBA shall file any briefing and supporting exhibits or materials from the record on appeal no later than **November 27, 2013**; IndyMac shall file any briefing and supporting exhibits or materials from the record no later than **December 20, 2013**; YBA may file a reply brief no later than **January 10, ~~2013~~ 2014**. The Trustee may file a brief in response to YBA's brief no later than **December 20, 2013**. Any requirements or provisions of Rules 8006-8009 of the Federal Rules of Bankruptcy Procedure which are inconsistent with this Order are suspended pursuant to Federal Rule of Bankruptcy Procedure 8019.

DATED:  November 6, 2013

                         */s/ William Q. Hayes*
                         **WILLIAM Q. HAYES**
                         United States District Judge

(mdc)